UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| KENNETH G. KENDRICK, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.: 3:18-CV-254-KAC-HBG |
| WORLDWIDE EQUIPMENT, INC., | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is "Defendant's Motion for Summary Judgment" [Doc. 22]. Plaintiff, Kenneth G. Kendrick, alleges that his former employer Defendant; Worldwide Equipment, Inc.; interfered with his rights and retaliated against him in violation of the Family Medical Leave Act of 1993, 29 U.S.C. §§ 2601-2654 ("FMLA") [*See* Doc. 1]. Defendant argues, among other things, that Plaintiff never became an "eligible employee" under the FMLA and thus his claims fail [Doc. 25 at 3]. Because Plaintiff was not "employed" "for at least 12 months by the employer with respect to whom leave is requested [Defendant]," he never became an "eligible employee" under the FMLA. S*ee* 29 U.S.C. § 2611(2)(A). Accordingly, the Court grants "Defendant's Motion for Summary Judgment" [Doc. 22].

I. **Background**[1]

Defendant hired Plaintiff as a facilities manager on July 25, 2016 [Doc. 31 at 1]. On July 14, 2017, Plaintiff learned that he required a heart catheterization [Doc. 30 at 2]. That same day, Plaintiff informed Defendant that he would undergo a heart catheterization on July 27, 2017 and

---

[1] Because Plaintiff is the nonmoving Party, the Court describes the facts in the light most favorable to him. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

"would need to take a couple of days off" for the procedure [Doc. 31-1 at 2]. On July 17, 2017, Defendant informed Plaintiff that Defendant would "part ways" with him [Doc. 31-1 at 3]. Defendant denies knowing of Plaintiff's planned catheterization at the time it terminated Plaintiff [Doc. 23 at 2]. Instead, Defendant contends that it terminated Plaintiff because on July 14, 2017,[2] Plaintiff untruthfully reported that he was at work and then lied about his whereabouts when confronted about his absence [Doc. 23 at 2]. It is undisputed that Plaintiff's "last day of work" with Defendant was July 21, 2017 [Doc. 31 at 1]. But administratively, "[f]or Payroll status purposes . . . , a payroll termination date of July 28, 2017 was used" for Plaintiff [*Id.* at 2]. On July 27, 2017, Plaintiff had a heart catheterization [Doc. 31-1 at 3]. On October 10, 2017, Plaintiff's attorney "requested that [Plaintiff] be allowed to return to work but no job offer was ever extended" [*Id.*]

## II. <u>Legal Standard</u>

Under Federal Rule of Civil Procedure 56, the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view the facts in the light most favorable to the nonmoving party and make all reasonable inferences that can be drawn from those facts. *Matsushita Elec. Indus. Co.*, 475 U.S. at 587; *Nat'l Satellite Sports, Inc.*, 253 F.3d at 907. The moving party bears the burden of demonstrating that no genuine dispute of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When the moving party has met this burden, the opposing party cannot "rest upon its . . . pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial." *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009) (citing *Matsushita Elec. Indus. Co.*, 475 U.S. at 586; Fed. R. Civ. P. 56). "A

---

[2] Plaintiff asserts that any such event occurred on July 12, 2017, not July 14 [Doc. 31-1 at 1-2].

2

genuine issue for trial exists only when there is sufficient 'evidence on which the jury could reasonably find for the plaintiff.'" *Nat'l Satellite Sports, Inc.*, 253 F.3d at 907 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).

**III.** **Analysis**

Plaintiff asserts two claims under the FMLA—one for interference and a second for retaliation [Doc. 1 at 1]. Under the FMLA, a covered employer cannot "interfere with, restrain, or deny the exercise of or attempt to exercise any right provided under this subchapter." 29 U.S.C. § 2615(a)(1). To establish a claim for interference in violation of Section 2615(a)(1), Plaintiff must show that: (1) he was an "eligible employee," (2) Defendant was a covered employer, (3) he was entitled to leave under the FMLA, (4) he gave Defendant notice of his intent to take leave, and (5) Defendant denied him FMLA benefits or interfered with his FMLA rights. *See Edgar v. JAC Prods., Inc.*, 443 F.3d 501, 507 (6th Cir. 2006). The FMLA also makes it "unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter." 29 U.S.C. § 2615(a)(2). To establish a claim for retaliation in violation of Section 2615(a)(2), Plaintiff must show that: (1) he engaged in an activity protected by the FMLA, (2) the employer knew he was exercising his rights under the FMLA, (3) after learning of the employee's exercise of FMLA rights, the employer took an employment action adverse to him, and (4) there was a causal connection between the protected activity and the adverse action. *Nathan v. Great Lakes Water Auth.*, 992 F.3d 557, 573 (6th Cir. 2021).

Under either theory of liability, Plaintiff must have been an "eligible employee" under the FMLA to recover. *Staunch v. Cont'l Airlines, Inc.*, 511 F.3d 625, 629 (6th Cir. 2008) ("As an initial matter, an FMLA claim cannot be maintained by a plaintiff who was not an 'eligible employee'") (citing *Humenny v. Genex Corp.*, 390 F.3d 901, 905-06 (6th Cir. 2004)); *see also*

3

*Dunn v. Chattanooga Publ'g Co.*, No. 12-cv-252, 2013 WL 145865, *3 (E.D. Tenn. Jan. 14, 2013). As relevant here, an eligible employee is defined as: "an employee who has been employed . . . for at least 12 months by the employer with respect to whom leave is requested under section 2612 of this title." 29 U.S.C. § 2611(2)(A). Plaintiff bears the burden of establishing his eligibility under the FMLA by a preponderance of the evidence. *See Sorrell v. Rinker Materials Corp.*, 395 F.3d 332, 335 (6th Cir. 2005).

Here, Plaintiff never became an "eligible employee" under the FMLA because he was not "employed" by Defendant for "at least 12 months." *See* 29 U.S.C. § 2611(2)(A). Plaintiff began his employment with Defendant on July 25, 2016, and his employment ended on July 21, 2017 with his "last day of work" [Doc. 31 at 1].[3] So Plaintiff had no FMLA rights when his employment ended. The Sixth Circuit has used various triggering events to determine when an individual is an "eligible employee" under the FMLA. *See Staunch*, 511 F.3d at 629-30 (analyzing "the twelve months preceding [plaintiff's] request for leave"); *Butler v. Owens-Brockway Plastic Prods., Inc.*, 199 F.3d 314, 316 (1999) (assessing whether plaintiff who was not an eligible employee at the time she was terminated, but had previously qualified, was "an 'eligible employee' at the time she took the three allegedly protected leaves"). But Sixth Circuit precedent is clear that under any theory, Plaintiff must have been an "eligible employee" under the FMLA to recover. *See id.; see also Berry v. Sage Dining Servs., Inc.*, 19-cv-830, 2021 WL 3037483, at *3 (M.D. Tenn.

---

[3] Plaintiff claims, without citation to relevant legal authority, that his employment did not end until his July 28, 2017 "payroll termination date" [*See* Docs. 30 at 4-5, Doc 31 at 2]. But this bare conclusion does not carry the day. The text of the FMLA requires the Court to assess Plaintiff's eligibility based on when he was "employed." *See* 29 U.S.C. § 2611(2)(A). Plaintiff's employment ended on his "last day of work"—July 21, 2017 [*See* Doc. 31 at 1-2]. *See Chester v. Quadco Rehab. Ctr.*, 484 F. Supp. 2d 735, 742 (N.D. Ohio 2007) (measuring whether plaintiff was an "eligible employee" based on her "last day of work"). Whatever administrative import a "payroll termination date" may have had, Plaintiff has not created a genuine issue of material fact regarding when his employment with Defendant ended.

4

July 19, 2021); *Woida v. Genesys Reg'l Med. Ctr.*, 4 F. Supp. 3d 880, 906 (E.D. Mich. 2014); *Dunn*, 2013 WL 145865, at *3 (E.D. Tenn. Jan. 14, 2013).

Against this backdrop, Plaintiff argues that this Court should, instead, adopt Eleventh Circuit precedent—*Pereda v. Brookdale Senior Living Communities, Inc.*, 666 F.3d 1269 (2012). In *Pereda*, the Eleventh Circuit concluded that the district court erred in granting summary judgment to an employer for FMLA interference and retaliation claims where the plaintiff was not yet an "eligible employee" when she requested leave, but it was "undisputed that [plaintiff] would have been entitled to FMLA protection by the time she gave birth and began her requested leave." 666 F.3d at 1272. The Eleventh Circuit reached its conclusion by relying on a regulation promulgated pursuant to the FMLA[4] and perceived Congressional intent. *Id.* at 1274-76.

Whatever one thinks of the wisdom of *Pereda*,[5] the Sixth Circuit has not adopted it. This is enough, alone, to reject Plaintiff's argument. Moreover, even assuming arguendo that the Sixth Circuit adopted *Pereda*, Plaintiff's case is distinguishable. In *Pereda*, it was undisputed that the plaintiff would have been an "eligible employee" under the FMLA at the time she took her requested leave. *Pereda*, 666 F.3d at 1272. Here, there is a dispute as to whether Plaintiff would have ever become an "eligible employee" [*See* Doc. 23 at 2 (asserting that Defendant was not aware of Plaintiff's future heart catheterization procedure and that Defendant terminated Plaintiff because he lied to his supervisor)]. *See also Berry*, 2021 WL 3037483, at *3; *Hill v. Walker*,

---

[4] Courts have held prior iterations of this regulation invalid for impermissibly expanding the scope of the FMLA. *See Davis v. Mich. Bell Tele. Co.*, 543 F.3d 345, 353-54 (6th Cir. 2008); *Woodford v. Cmty. Action of Greene Cnty., Inc.*, 268 F.3d 51, 57 (2d Cir. 2001) ("The regulation exceeds agency rulemaking powers by making eligible under the FMLA employees who do not meet the statute's clear eligibility requirements."); *Massengill v. Anderson Cnty. Bd. of Educ.*, 478 F. Supp. 2d 1004, 1007-08 (E.D. Tenn. 2007) (collecting cases).

[5] Two district courts within the Sixth Circuit, including this district, have already refused to follow *Pereda*. *See Dunn*, 2013 WL 145865, at *3 (E.D. Tenn. Jan. 14, 2013); *Moore v. Lenderlive Network, Inc.*, No. 14-cv-11324, 2015 WL 470599, at *4 (E.D. Mich. Feb. 4, 2015).

5

737 F.3d 1209, 1215 (8th Cir. 2013) (reasoning that even if the Eighth Circuit adopted *Pereda*, the employee's appeal would fail because she could not show that she would have become "eligible" under the FMLA). Accordingly, even this out-of-Circuit precedent would not save Plaintiff's claims.

## IV. <u>Conclusion</u>

Because Plaintiff has failed to raise a genuine issue of material fact as to whether he was an "eligible employee" under the FMLA, Plaintiff's FMLA interference and retaliation claims fail as a matter of law. Accordingly, the Court **GRANTS** "Defendant's Motion for Summary Judgment" [Doc. 22]. Plaintiff's claims are **DISMISSED**. An appropriate judgment shall enter.

IT IS SO ORDERED.

s/ Katherine A. Crytzer<br>
KATHERINE A. CRYTZER<br>
United States District Judge